**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: August 30, 2013

Mr. Michael S. Bogren
Plunkett Cooney
950 Trade Center Way
Suite 310
Kalamazoo, MI 49002

       Re: Case No. 13-1774, *Emily Kroll v. White Lake Ambulance Auth.*
           Originating Case No. : 1:09-cv-00626

Dear Mr. Bogren,

   The briefing schedule for this case has been reset and the briefs listed below must be filed electronically with the Clerk's office no later than these dates. Counsel are strongly encouraged to read the latest version of the Sixth Circuit Rules at www.ca6.uscourts.gov, in particular Rules 28 and 30.

| | |
|---|---|
| Appellee's Brief<br>Appendix (if required by 6th<br>  Cir. R. 30(a) and (c)) | Filed electronically by **October 1, 2013**<br>**FINAL EXTENSION** |
| Appellant's Reply Brief<br>(Optional Brief) | Filed electronically **17** days after<br>the appellee's brief is filed.<br>See Fed. R. App. P. 26(c) |

   A party desiring oral argument must include a statement <u>in the brief</u> setting forth the reason(s) why oral argument should be heard. *See* 6th Cir. R. 34(a). If the docket entry for your brief indicates that you have requested oral argument but the statement itself is missing, you will be directed to file a corrected brief.

    In scheduling appeals for oral argument, the court will do what it can to avoid any dates which counsel have called to its attention as presenting a conflict. If you have any such dates, you should address a letter to the Clerk advising of the conflicted dates.

                                                    Sincerely yours,

                                                   s/Robin Duncan
                                                   Case Manager
                                                   Direct Dial No. 513-564-7027

cc:  Mr. Bradley Kurt Glazier

Enclosure

**CHECKLIST FOR BRIEFS**

ECF FUNDAMENTALS:

___ Briefs filed ECF unless filer is pro se or attorney with a waiver for ECF filings
___ PDF format required
___ Native PDF format strongly preferred
___ In consolidated cases (excluding cross-appeals), appellants should **un-check** the case number(s) that is/are not their case. The appellant's brief should appear only on the docket of his/her specific appeal.
___ Parties who have joined in a notice of appeal shall file a single brief. Fed. R. App. P. 3(b)(1)

COVER OF BRIEF (Fed. R. App. P. 32(a)(2)):

___ Sixth Circuit case number
___ Heading:  "United States Court of Appeals for the Sixth Circuit"
___ Title of case
___ Nature of proceeding and name of court, agency or board below
___ Title of brief (example "Appellant's Brief")
___ Name(s) and address(es) of counsel filing the brief

CONTENTS (Fed. R. App. P. 28, 6 Cir. R. 28):

___ Corporate Disclosure Form
___ Table of Contents
___ Table of Authorities with page references (with cases alphabetically arranged, statutes and other authorities)
___ **Statement in support of oral argument** (if there is no statement, argument is waived)

***Page limitation, word or line count begins here.  See Fed. R. App. P. 32(a)(7)

___ Jurisdictional statement
___ Statement of issues
___ Statement of the case
___ Statement of facts **with references to record** (and appendix for any relevant pleadings not available ECF)

> In an appeal from district court, briefs must cite to Page ID # range from header or footer of pages from original record being referenced, with short title and record entry number. Keep references **succinct**. For other appeals, see 6 Cir. R. 28 for information on how to reference appendices or administrative records. Examples:
>
> > Motion for Summary Judgment, RE 24, Page ID # 120-145
> > Transcript, RE 53, Page ID # 675-682
> > Plea Agreement, R. 44, Page ID # 220-225
> > A.R., RE 5, Page ID # 190-191, pp. 69-70

___ Summary of argument

___ Argument **with references to record and citations to case law, statutes and other authorities**

___ Standard of review (for each issue which may appear in discussion of each issue or under separate heading placed before discussion of issues)

___ Signed conclusion
   Signature format is: s/(attorney's name)
   Graphic or other electronic signatures discouraged
***Page limitation, word or line count ends here.

___ A Certificate of Compliance as required by Fed. R. App. P. 32(a)(7)(C)

___ Dated Certificate of Service

___ **Designation of Relevant District Court Documents with Page ID # range**

___ Other Addendum contents allowed by Fed. R. App. P. 28(f) or 6 Cir. R. 28(b). Addendum may **not** contain any items from lower court record or appendix

TYPEFACE AND LENGTH (See Fed. R. App. 32(a)(5) and (a)(7):

___ Typeface either proportionally-spaced font at 14 point (such as CG Times or Times New Roman) or monospaced font at 12 point (such as Courier New).

Times New Roman at 14 point    `Courier New at 12 point`

___ Length for principal briefs: 30 pages OR up to 14,000 words (proportional fonts) OR up to 1300 lines (monospaced font)

___ Length for reply brief: 15 pages OR up to 7,000 words (proportional fonts) OR up to 650 lines (monospaced font)

___ Briefs using the 14,000 word or 1300 line limits <u>must</u> include word or line count in certificate of compliance (see Fed. R. App. P. 32(a)(7)(C))

___ Headings, footnote and quotations count toward word or line limitations

___ For Death Penalty briefs, see 6 Cir. R. 32(b)(2)

___ For Cross-Appeals, see Fed. R. App. P. 28.1

___ For Amicus briefs, see Fed. R. App. P. 29 and 32

MISCELLANEOUS:

___ Personal information must be redacted from the brief - see Fed. R. App. P. 25(a)(5) for specifics. When filing a brief, the ECF system will require attorneys to verify that personal information has been redacted.

___ Footnotes must be same sized text as body of brief